# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DANIEL P. BARNARD,                          :

      Plaintiff,                          :          Case No.  3:10cv00019

 vs.                                              :          District Judge Walter Herbert Rice
                                       Magistrate Judge Sharon L. Ovington

WRIGHT STATE, et al.,                       :

      Defendants.                         :

---

## REPORT AND RECOMMENDATIONS[1]

---

      Plaintiff Daniel P. Barnard, a resident of Dayton, Ohio, brings this case *pro se* naming as defendants "Wright State," Gwenn Mattison, and Dr. Hopkins.  Plaintiff's Complaint alleges:

> Communications initiated by Wright State employees were received by the employers of my family in a shared conscience [sic] objective to admonish and extort my family members – Rico/Hobbs

> AFTER

> A meeting of several political science professors within which there was a shared conscience [sic] decision and objective to destroy me and hinder my progress and the progress of others[.]

(Doc. #2 at 5).  Plaintiff further states, "I need Mens Rae and Big Mo."  (Doc. #2 at 6).

He also asks the Court to "call Figlouzzi & Bennett (FBI) and ascertain who made those communications to my families employers who had the pay cut and to what extent.

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Savings lost).  Who What When Where Why[.] Ascertain who was in the meeting to destroy me and if others students have been targeted before during or after.  (By Feldmeier or (PLS Dept)).  Contact John Coughlin – Ohio Supreme Court General Counsel and Relay the Identity of the person or persons involved with the plot to ruin me & extort my family.  And those involved in the cover up."  *Id.*

The Complaint is devoid of further requests or factual allegations.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*.  *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.  The main issue thus presented by a *sua sponte* review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand*, 526 F.3d at 923-24 (citing *Lawler*, 898 F.2d at 1198).

Plaintiff's Complaint, when read in the light most favorable to him, at best raises conclusory statements, which are insufficient to state a violation of his rights under federal law.  *See Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  (citations omitted)); *see also Eidson v. State of Tenn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory....  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").  The Complaint, moreover, does not raise an allegation concerning an act or omission by Gwenn Mattison or Dr. Hopkins or otherwise connect either of them to the allegations he does raise.  Additionally, Plaintiff's allegations against Wright State, doubtlessly Wright State University, concern acts by its employees.  In this manner, the Complaint fails to state a claim under 42 U.S.C. §1983 against Wright State University because the doctrine of respondeat superior does not, as a matter of law, support such a claim.  *See Monell v. New York City Dep't, of Soc. Svs.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *see also Klemenic v. Ohio State University*, 263 F.3d 504, 511 (6th Cir. 2001) ("when sued under ... §1983 ... an institution cannot be liable for the acts of its employees under a theory of respondeat superior.").  Lastly, although the Complaint mentions "Rico/Hobbs," it lacks further factual enhancement sufficient to turn this label into a claim upon which relief can be granted.  *See Iqbal*, __U.S. at __, 129 S.Ct. at 1949.

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Complaint be DISMISSED under 28 U.S.C. §1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3.  The case be terminated on the docket of this Court.

January 28, 2010

          <u> s/Sharon L.Ovington  </u>
            Sharon L. Ovington
          United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).