## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DANIEL P. BARNARD, | **:** | |
| Plaintiff, | **:** | Case No. 3:10cv00019 |
| vs. | **:** | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WRIGHT STATE, et al., | **:** | |
| Defendants. | **:** | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

On January 28, 2010, the undersigned conducted a preliminary review of Plaintiff's Complaint and issued a prior Report and Recommendations concluding that the Complaint was subject to *sua sponte* dismissal under 28 U.S.C. §1915(e)(2)(B). (Doc. #3). Plaintiff did not file any Objections to the prior Report and Recommendations and the time for filing such Objections has expired. The prior Report and Recommendations, *id.*, is incorporated in full herein by reference.

Plaintiff recently filed an Amended Complaint. (Doc. # 4). Upon sua sponte review of Plaintiff's Amended Complaint, he reiterates many of the same conclusory allegations and adding some additional conclusory allegations and additional information about the relief he seeks. Accepting Plaintiff's allegations as true and liberally construing them in his favor does not reveal the presence of claim upon which relief can be granted. Plaintiff's additional allegations are, like those in his original Complaint, conclusory. His

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Amended Complaint also fails to raise an allegation concerning an act or omission by the two individuals named as defendants, Gwenn Mattison or Dr. Hopkins. And, as in the original Complaint, Plaintiff's Amended Complaint does not raise sufficient allegations concerning Wright State University to overcome the doctrine of respondeat superior. Lastly, although Plaintiff's Amended Complaint mentions "Rico/Hobbs," it lacks further factual development sufficient to turn this label into a claim upon which relief can be granted.

Accordingly, Plaintiff's Amended Complaint suffers from the same deficiencies as his original Complaint and is likewise subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Amended Complaint (Doc. #4) be DISMISSED under 28 U.S.C. §1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the reasons set forth in the original Report and Recommendations and herein, an appeal of an Order adopting this Supplemental Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


February 18, 2010

       s/ Sharon L. Ovington
       Sharon L. Ovington
       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).