# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DANIEL P. BARNARD, | : | |
| Plaintiff, | : | Case No. 3:10cv00019 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WRIGHT STATE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Daniel P. Barnard, a resident of Dayton, Ohio, brings this case *pro se* naming as defendants "Wright State," Gwenn Mattison, and Dr. Hopkins. On March 2, 2010, the Court issued a Decision and Entry dismissing Plaintiff's Complaint without prejudice and entering judgment in favor of defendants and against Plaintiff. (Doc. #9, 10). The Decision explained in part, "should Plaintiff wish to file an amended Complaint, setting forth, in detail, who did what to him when and how, and further, how those events constitute a violation of federal law, the Court will review any such further Complaint." (Doc. #9 at 2). Plaintiff has since filed a Second Amended Complaint. (Doc. #5).

The case is before the Court for a *sua sponte* review of Plaintiff's Second Amended Complaint as required by 28 U.S.C. §1915(e)(2). The applicable standards of review described in the original Report and Recommendations are incorporated herein by reference. *See* Doc. #3.

Plaintiff's Second Amended Complaint states, "John Feldmeier Made Phone calls To my families [sic] employers And had their pay cut[.] This happened the second week

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

of Winter quarter 2009, after the Professors in the Wright State Political Sciences Department had a meeting to 'get rid' of me. This means the communications were done with forethought and malice. My family has verbally verified this with me." (Doc. #11 at 2-3)(emphasis in original). The pleading next states: "1) I believe that is initiating embezzlement. (I can't tell if it is larceny, extortion or embezzlement.) 2) Any way, because of the environment at Wright State John Feldmeier threatened to find people from my past that I had wronged in order to subdue myself and my family into silence. That is Extortion & Blackmail. Extortion and Embezzlement with forethought and malice – RICO/Hobbs violations." *Id*. at 3 (emphasis in original). Plaintiff's pleading concludes with the following:

> "Feldmei[e]r made – U.S. Army
> U.S. Air Force
> Ford
> Pilkington
> Brewster Cheese
>
> Conspirators & Liable [sic]."

*Id*.

Accepting Plaintiff's allegations as true and construing them liberally in his favor does not reveal the presence of a claim upon which relief could be granted. Although the Court alerted Plaintiff of the need for him to set forth in detail "who did what to him when and how, and, further, how those events constitute a violation of federal law...," (doc. #9 at 2), Plaintiff has not done so. His allegations instead fail to provide factual support respecting the material elements of a conspiracy claim, *see Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009)(requiring some degree of factual specificity to support a conspiracy claim), or a claim under RICO or the Hobbs Act or other federal law. *See Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted)); *see also Eidson v. State of Tenn.*

2

*Dept. Of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007)("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory."). Because of this, Plaintiff has not presented "'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, __, 127 S.Ct. 1955, 1975, 167 L.Ed.2d 929 (2007). In addition, reading all three of Plaintiff's pleadings together, accepting all his factual allegations as true, and construing all his pleadings liberally in his favor does not reveal any information about an act or omission by one of the named defendants – Gwenn Mattison, Dr. Hopkins, or Wright State University. To the extent Feldmeier is an employee of Wright State University, his acts do not expose the named defendants, including Wright State University, to liability under 42 U.S.C. §1983 based on respondeat superior. *See Klemenic v. Ohio State University*, 263 F.3d 501, 511 (6th Cir. 2001). In short, Plaintiff's pleadings simply fail to connect any named defendant to a purported violation of federal law.

Accordingly, Plaintiff's Second Amended Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED under 28 U.S.C. §1915(e)(2)(B);

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Third Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case remains terminated on the docket of this Court.

April 2, 2010

                                                     s/ Sharon L. Ovington
                                                         Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).